BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

CLAUDIA A. QUIROZ (CABN 254419)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-6753
    claudia.quiroz@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR 16-00461 LHK |
|     Plaintiff, | ) <br> ) JOINT STATUS REPORT REGARDING <br> ) DISCOVERY |
| v. | ) |
| FRANCISCO JAVIER MARMOLEJO, a/k/a "Blindy," <br> JORGE LOPEZ, a/k/a "Cowboy," and <br> BRYAN ALVARO CHAVEZ, | ) <br> ) <br> ) <br> ) |
|     Defendants. | ) |

    The United States of America (the "government"), defendant Francisco Javier Marmolejo (a/k/a "Blindy"), defendant Jorge Lopez (a/k/a "Cowboy"), and defendant Bryan Alvaro Chavez (collectively, "the parties"), appeared before the Court in the above-referenced matter on April 12, 2017. At the status conference, the Court directed the parties to file a joint status report regarding discovery by June 2, 2017. The parties, through undersigned counsel, hereby submit the joint status report requested by the Court, addressing the discovery requested by defense counsel and the issues discussed during the status conference on April 12, 2017.

JOINT STATUS REPORT REGARDING DISCOVERY
CR 16-00461 LHK

1

**I.      PROCEDURAL HISTORY**

On November 8, 2016, a federal grand jury returned a three-count indictment against defendants Marmolejo, Lopez, and Chavez, alleging that they robbed the Chase Bank in Pacific Grove, California, on November 9, 2011. [Dkt. No. 1.]  Writs of Habeas Corpus ad Prosequendum were issued as to defendants Lopez and Chavez on December 2, 2016 [Dkt. Nos. 3, 4] and as to defendant Marmolejo on January 18, 2017 [Dkt. No 10.]  Defendants Lopez and Chavez made their initial appearances before the magistrate court on January 12, 2017.  [Dkt. Nos. 6, 7.]  Defendant Marmolejo made his initial appearance in magistrate court on February 2, 2017.  [Dkt. No. 16.]

The defendants made their initial appearance before the district court on February 15, 2017 and subsequently for a status conference on April 12, 2017.  Prior to the April 12, 2017 status conference, counsel for the government spoke separately with counsel for each of the defendants to discuss the status of discovery and to address those items the government considered Jencks Act materials and other items that include sensitive witness information.

On the evening before to the April 12, 2017 status conference, and following her conversation with government counsel, counsel for defendant Marmolejo filed a Discovery Status Memorandum. The following day, immediately before their appearance before this Court, the parties scheduled a telephone conference to meet and confer regarding the status of discovery and related issues.

Since its initial discovery production following the defendants' arraignment and appointment of counsel, the government has collected additional evidence relating to this case and supplemented its discovery productions to defense counsel as set forth below.

**II.     SUMMARY OF DISCOVERY PRODUCTIONS AND DISCUSSIONS**

**A.    Initial Discovery Production**

The government made its initial discovery production to defendant Lopez on January 26, 2017; to defendant Chavez on January 27, 2017; and to defendant Marmolejo on February 8, 2017.  Those initial productions, which consisted of the evidence in the possession of the government at the time, included the following:

(1)    Video Footage of the November 9, 2011 Pacific Grove Chase Bank Robbery (Bates No.

JOINT STATUS REPORT REGARDING DISCOVERY
CR 16-00461 LHK

2

2011CHASE0000001);

(2)  FBI and Police Reports relating to the robbery (Bates Nos. 2011CHASE0000002–2011CHASE0000036) (redacted to omit witness names);[1]

(3)  Criminal history reports for each defendant (produced separately to each defendant); and

(4)  A gang documentation report relating to defendant Marmolejo (produced only to defendant Marmolejo).

**B.    Meet and Confer Regarding Discovery and Ongoing Discussions**

On April 25, 2017, the government and defense counsel met and conferred via telephone to discuss the defendants' discovery requests.  In summary, and as set forth in detail below, the government agreed to produce and disclose certain items, the defense agreed that certain other items were premature, and there was disagreement as to the timing of the disclosure of other items.  During that call, the government reiterated its concerns about producing sensitive witness information and Jencks Act material at that juncture, prior to the setting of a trial date.  The defense stated that a protective order should meet those concerns and permit production before the setting of a trial date.  In an effort to arrive at a compromise, the government offered holding individual meetings with defense counsel as a way to give the defense additional information about the defendants' specific involvement in the charged bank robbery while preserving the government's concerns about witness safety.  Those meetings have been scheduled and are anticipated to be completed by the end of June.  By participating in these meetings defense counsel do not waive the right to file motions for discovery related to any topics or information discussed.

Since the April 25, 2017 conference call, the parties have communicated regarding the timing of the production of the agreed-upon items and the scheduling of the meetings with defense counsel. In the course of those conversations, the government conveyed the following to defense counsel:

(1)  The case agents retrieved the information/items of physical evidence from the local agency as well as an inventory of the physical evidence.

---

[1] In the defense's view, these reports describe the crime but do not describe how any of the defendants were implicated in that crime.

JOINT STATUS REPORT REGARDING DISCOVERY
CR 16-00461 LHK

(2) Photographs of the physical evidence would be taken and produced.

(3) Additional FBI reports (302s) were finalized and would be produced.

(4) Each defendant would receive copies of his respective certified conviction records.

(5) The government would produce a DNA report that had been obtained from the local police department.

(6) The government is not in possession, custody, or control of press releases. Government counsel would follow up with the case agent to inquire about the existence of any press releases and would produce them if they were to come into the possession of the government.

(7) Evidence of the defendants' participation in other robberies would be provided, either as 404(b) material or because they would be included in the superseding indictment.

The current status of each of these items is as follows:

(1) The government has stated to the defense in writing that it will make available for the defendants' inspection any item of evidence referred to in the reports and documents produced, as well as any other evidence seized from the defendants and/or which the government intends to offer in its case-in-chief. Government counsel has asked defense counsel to contact her to arrange a mutually convenient time for their inspection of such items. No date(s) has been set for that inspection.

(2) As of June 1, 2017, government counsel had not received photographs of the physical evidence but has been informed by the case agents that they would be provided in short order. An inventory of these items has been produced to the defense, however. The government anticipates that these photographs will be produced to defense counsel no later than the week of June 5, 2017.

(3) The government produced additional FBI reports (302s) on May 17, 2017 (see below).

(4) The government has been producing prior criminal records to the defendants on a rolling basis. As of May 31, 2017, the government has received additional records for each of the defendants that government counsel will need to review and redact to protect witness

JOINT STATUS REPORT REGARDING DISCOVERY
CR 16-00461 LHK

information and anticipates that those will be produced by no later than during the week of June 5, 2017.

(5) The government produced the DNA Swab Analysis report on May 17, 2017 (see below).

(6) As of May 31, 2017, the government does not have in its possession, custody, or control any press releases and no information has been provided regarding the existence of any.

(7) With respect to evidence relating to other bank robberies in which the defendants have participated, government counsel has continued to receive related reports as recently as May 25, 2017. The government has made formal requests to the respective local police departments for the transfer of all evidence to the government. Government counsel anticipates producing reports relating to those robberies during the week of June 5, 2017.

**C.   May 17, 2017 Discovery Production**

On May 17, 2017, the government made an additional discovery production that included the following:

(1) Pacific Grove Police Department letter dated May 8, 2017 regarding Chase Bank robbery and evidence list (Bates No. 2011CHASE0000037-2011CHASE0000038);

(2) FBI 302 Witness Interviews (redacted) (Bates No. 2011CHASE0000039 - 2011CHASE0000047);[2]

(3) California Department of Justice Bureau of Forensic Services Physical Evidence Examination (Swab Analysis) Report (redacted) (Bates No. 2011CHASE0000048-2011CHASE0000050); and

(4) Additional prior criminal records to individual defendants.

**D.   May 31, 2017 Discovery Production and Draft Protective Order**

On May 31, 2017, the government produced to the defendants the Search Warrant referenced in Supplement 06 of the Pacific Grove Police Department Police Report relating to the Chase Bank

---

[2] These reports consist of follow-up interviews of persons at or near the bank at the time of the robbery. In the defense's view, the reports do not describe how any of the defendants were implicated in the charged crime.

JOINT STATUS REPORT REGARDING DISCOVERY
CR 16-00461 LHK

robbery (Bates Nos. 2011CHASE0000051–2011CHASE0000062) (redacted).  The government also sent to defense counsel a draft protective order for their review and approval.

### III.   SPECIFIC DISCOVERY REQUESTS

Defendant Marmolejo has made three separate discovery requests in writing to the government (some with duplicative items).  Defendants Lopez and Chavez have joined in those requests.  Pursuant to the Court's directive to the parties during the April 12, 2017 status conference, below is a specific status update regarding each of the items requested.

**A.     February 2, 2017 Discovery Letter**

(1)   Rule 16 material.

The government recognizes, and will continue to comply with, its ongoing obligations to disclose to the defense the items listed in Rule 16 that are within its possession, custody, or control.

(2)   Material under *Brady v. Maryland*, *Jencks* and *Giglio*.

The government recognizes, and will continue to comply with, its ongoing obligation to provide the defense with materials subject to *Brady v. Maryland*, 373 U.S. 83 (1963), *Jencks*, and *Giglio v. United States*, 405 US. 150 (1972) that are within its possession, custody, or control.

(3)   List of trial witnesses as well as the names of any expert witnesses for trial.

Defense counsel concede that this request is premature at this stage.

(4)   Immediate disclosure of any Rule 404(b) evidence which the government may introduce at trial, and, under Rule 12, evidence which the government intends to rely in its case-in-chief.

As stated above, the government has already produced some Rule 404(b) evidence other than that which pertains to "other robberies" referenced above and anticipates that it will be making additional productions, including additional reports and evidence that becomes available.  The government has given written notice to the defendants that it may seek to introduce the other crimes, wrongs or acts committed by the defendants that are referenced in the criminal records produced pursuant to Rules 404(b), 608 and/or 609 of the Federal Rules of Evidence.  The government will reiterate its notice as it continues to produce additional discovery.

/ / /

JOINT STATUS REPORT REGARDING DISCOVERY
CR 16-00461 LHK

     (5)    <u>Disclosure of cooperating defendants, witnesses, and informants</u>.

It is the government's position that in light of the witness safety issues in this case, the government will not disclose this information without a protective order and before a trial date is set. After a trial date has been set and a protective order is in place, the government will meet and confer with defense counsel regarding the timing and extent of this disclosure.

Defense counsel's position is that once a protective order is in place, there is no need to wait for a trial date to be set before disclosure.

**B.**    <u>**March 1, 2017 Discovery Letter – Specific Requests**</u>

     (1)    <u>All unredacted Pacific Grove Police Department investigation reports pertaining to the crimes charged in this case</u>.

This information is not subject to disclosure except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G). *See* Rule 16(a)(2). Nonetheless, as set forth in Section II(A) above, the government has produced those reports in redacted format to protect witness safety. The government will produce this information consistent with the requirements of the Jencks Act. *See id.* ("Nor does [Rule 16] authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.") Defense counsel's position is that once a protective order is in place, the reports should be produced in unredacted format.

     (a)    <u>List of physical evidence obtained, description of the manner of collection of the evidence and any scientific tests conducted on that evidence</u>.

The government produced discovery responsive to this request on May 17, 2017. *See* Section II(C) above.

     (b)    <u>Documentary evidence, including but not limited to telephone records</u>.

The government has requested, and obtained, physical evidence from the Pacific Grove Police Department. As stated above, the government has offered to make available for the defendants' inspection any item of evidence referred to in the produced reports and documents, as well as any other evidence seized from the defendants and/or which the government intends to offer in its case-in-chief. The government does not currently have telephone records in its possession, custody, or control.

JOINT STATUS REPORT REGARDING DISCOVERY
CR 16-00461 LHK

(c) <u>Video evidence, including security video from RiteAid and surrounding businesses</u>.

On May 17, 2017, the government produced a letter dated May 8, 2017 from the Pacific Grove Police Department that was written in response to government counsel's request for all evidence relating to the bank robbery at issue in this case. As stated in the letter, item 11 (front door video footage from Rite Aid) was not found in the bin location where it was stored and was not logged in the evidence tracking system. Accordingly, the Pacific Grove Police Department has been unable to provide this item to the government but is continuing its efforts to locate this item and stated that it will notify the government if it is located.

(d) <u>Photographs of individuals shown to witnesses for the purpose of identifying the perpetrators</u>.

The government will not produce materials responsive to this request at this time (before a trial date is set and without a protective order in place) to the extent they form part of reports that constitute Jencks Act materials or that would otherwise compromise witness safety.

Defense counsel's position is that once a protective order is in place, this information should be provided prior to setting a trial date.

(e) <u>Recordings of interviews of witnesses.</u>

The government is not aware of any audio or video recordings of interviews related to this case by the Pacific Grove Police Department. The Pacific Grove Police Department has provided to the government all evidence currently available, among which are not audio or video recordings of witness interviews. To the extent there are other materials responsive to this request that constitute Jencks Act materials or that would otherwise compromise witness safety, the government's position is that those will be addressed with defense counsel at a later date following the setting of a trial and pursuant to a protective order.

/ / /

/ /

JOINT STATUS REPORT REGARDING DISCOVERY
CR 16-00461 LHK

      (f)    <u>Press releases, public announcements, identikit pictures</u>.

The government is not in possession, custody, or control of items responsive to this request. Government counsel has followed up with the case agents to inquire regarding the existence of such items but none have been identified.

      (g)    <u>Search warrant, supporting affidavit and return concerning the search reference in Pacific Grove Police Department Supplement 06.</u>

The government produced this item on May 31, 2017.

    (2)    <u>All unredacted recorded audio communication between various police officers called/assigned to the scene of the crime charged in this case as well as any recorded communication between witness/victims of the crime and the law enforcement dispatch/911 operator.</u>

The government is not in possession, custody, or control of items responsive to this request. Government counsel has been informed that such recorded communications are typically purged after one year. Accordingly, items responsive to this request have been purged by the California Highway Patrol and no longer exist.

    (3)    <u>Copy of any photographs of individuals shown to witnesses for the purpose of identifying the perpetrators.</u>

This request is duplicative of Request No. 1(d) above.

    (4)    <u>A statement whether [the Govt.] intend to introduce gang evidence and/or a gang expert at trial.</u>

The government intends to introduce gang evidence and/or a gang expert at trial.

**C.**    **<u>March 1, 2017 Discovery Letter – General Discovery Requests</u>**

    (1)    <u>All written or recorded statements made by defendants.</u>

The government has produced to the defense all items responsive to this request that are in its possession, custody, or control. To the extent additional responsive documents subsequently come into the possession, custody, or control of the government, they will be produced.

    (2)    <u>The substance of any oral statement the government intends to offer in evidence at trial made by defendants.</u>

JOINT STATUS REPORT REGARDING DISCOVERY
CR 16-00461 LHK

The government recognizes and will comply with its ongoing obligation to provide the defense with materials subject to *Brady v. Maryland*, 373 U.S. 83 (1963), *Jencks*, and *Giglio v. United States*, 405 US. 150 (1972), that are within its possession, custody, or control. The government will produce items responsive to this request as set forth above.

(3) <u>Any statement, confession, admission, or conversation, relating directly or indirectly to the charges in this case, made by defendants to undercover agents or cooperating witnesses</u>.

The government has produced to each individual defendant items responsive to this request that are in its possession, custody, or control. To the extent additional responsive documents subsequently come into the possession, custody, or control of the government, they will be produced accordingly.

(4) <u>All papers, documents, photographs, or tangible objects</u>.

This item is duplicative of previous requests.

(5) <u>All personnel, disciplinary, misconduct or other files concerning the law enforcement agents who participated in the investigation of this case</u>.

The government recognizes and will comply with its obligation to provide the defense with materials subject to *Giglio* and *Henthorn* and will do so after a trial date is set and on a date that is either agreed upon by the parties or set by the Court.

(6) <u>Disclosure of experts, a written summary of expert testimony, and the curriculum vitae for each expert the government intends to call at trial</u>.

The government will produce materials responsive to this request to the extent they are in the government's possession, custody, or control. If so, the government shall make these materials available after a trial date is set on a date either agreed upon by the parties or set by the Court.

(7) <u>The results of any scientific experiments/tests or copies made in connection with this case, that are in the possession, custody or control of the Government or its agents, including state law enforcement agencies</u>.

This item is duplicative of previous requests.

(8) <u>Regarding all scientific tests and reports referred to in Item No. 7</u>.

    (a) <u>A statement of all material and other information of sources considered by the examiner in arriving at an opinion, the methodology used, and the findings and conclusions of the examiner</u>.

JOINT STATUS REPORT REGARDING DISCOVERY
CR 16-00461 LHK

    (b) <u>A resume and curriculum vitae of the examiner's qualifications, experience, subject matter of examiner's testimony, and prior occasions of testimony as an expert witness.</u>

    (c) <u>Any and all worksheets, photographs, notes, and other things used to assist the examiner in reaching an opinion and recording the process or methodology to reach that opinion.</u>

The government will produce materials responsive to this request to the extent they are in the government's possession, custody, or control and within the parameters of Rule 16(F).

  (9) <u>Regarding any witness that the Government intends to call at trial, defendants request information relating to:</u>

    (a) <u>Any consideration, reward, incentive award, etc. given to the witness.</u>

    (b) <u>Any investigation or prosecution the existence of which is known, or through the exercise of due diligence becomes known, to attorneys for the Government, which could be brought against any Governmental witness, together with the probation, parole or deferred prosecution status of each witness.</u>

    (c) <u>Any statement, whether oral or written, made by any individual whom the Government intends to call as a witness at trial.</u>

    (d) <u>Any arrest or conviction records of the witness.</u>

    (e) <u>Any information bearing upon the credibility or reliability of persons who have cooperated with the Government in this case.</u>

This request is both duplicative of previous requests and premature at this juncture, and will be revisited by the parties upon the setting of a trial date.

  (10) <u>The name and address of each person who assisted or participated in the investigation of this case whom the Government does not intend to call as a witness.</u>

    o <u>The last known whereabouts of witnesses whom the Government does not intend to call and who were but are no longer involved in the alleged conspiracy.</u>

    o <u>The name and address of each person not identified above, who witnessed any of the acts alleged in the Indictment herein, and who the Government does not intend to call as a witness.</u>

The defense agrees that this request is premature at this stage.

  (11) <u>All Jencks Act statements made by any witness for the Government in this case within the meaning of 18 U.S.C. §3500.</u>

This item is duplicative of previous requests.

  (12) <u>All witness statements within the meaning of Federal Rule of Criminal Procedure 26.2.</u>

JOINT STATUS REPORT REGARDING DISCOVERY
CR 16-00461 LHK

11

This item is duplicative of previous requests.

(13) Any prior or subsequent similar or "bad acts" (F.R.E. 404(b) acts) of Mr. Marmolejo or of an alleged co-conspirator whether indicted or not, which the Government intends to introduce as evidence at trial.

This item is duplicative of previous requests.

(14) All information favorable to the defense, and material to the issues of either guilt or punishment.

This item is duplicative of previous requests.

(15) All information about electronic or surreptitious interception or surveillance that was made of any conversation in connection with this case, whether made by the defendant, an indicted co-conspirator, or an unindicted co-conspirator.

The government is unaware of any items responsive to this request.

(16) A copy of all telephone toll records reviewed and/or received in connection with this case by any federal, state, or local government agents or attorneys.

This item is duplicative of previous requests.

(17) Disclosure of Grand Jury testimony of witnesses who will not testify at trial.

The defendants agree that this request is premature at this stage.

(18) The pre-trial disclosure of scheduled trial witnesses, and their Grand Jury testimony relevant to the charged offenses.

The defense agrees that this request is premature at this stage.

(19) Disclosure of any documents concerning conversations or discussions between United States and state or local authorities concerning this case.

The defense withdraws this request.

(20) Regarding any confidential informant and cooperating witness (hereinafter collectively labeled "CI"), produce for inspection and copying by counsel for defendants each of the following:

    (a) The CI's file

    (b) The CI's conviction record.

    (c) Information regarding the nature of the CI's relationship with any law enforcement agency.

    (d) All other notes, memoranda or reports of investigations, including any search warrants (together with supporting affidavits) sought or executed, on the basis of the CI's information.

      (e)    Provide the date and a copy of all testimony given by the CI in other cases of which the government is aware.

      (f)    Provide copies of all documents, transcripts, motions, or other materials evidencing the CI's unreliability.

The parties will discuss the timing, extent, and/or briefing/hearing schedule regarding the disclosure of materials responsive to this request upon execution of a protective order by the Court. The government's position is that this should not be before the setting of a trial date.

**D.**    **March 13, 2017 Discovery Letter.**

    (1)    All unredacted FBI investigation reports pertaining to the crimes charged in this case.

This item is duplicative of previous requests. Materials responsive to this request are addressed above.

    (2)    All reports that describe how each of the defendants in this case were identified as the perpetrators of the offense charged.

This item is duplicative of previous requests. Materials responsive to this request are addressed above. Specifically, the government has offered to engage in meetings with individual defense counsel to provide additional information responsive to this request.

Respectfully Submitted:

BRIAN J. STRETCH
United States Attorney

        /s/
CLAUDIA A. QUIROZ
Assistant United States Attorney
Counsel for United States

        /s/
CARLEEN R. ARLIDGE
Counsel for Defendant Francisco Javier Marmolejo

        /s/
MICHELLE SPENCER
Counsel for Defendant Jorge Lopez

JOINT STATUS REPORT REGARDING DISCOVERY
CR 16-00461 LHK

_____/s/_____
MARK FLANAGAN
Counsel for Defendant Bryan Alvaro Chavez

Attestation of Filer

In addition to myself, the other signatories to this document are Carleen R. Arlidge, Michelle Spencer, and Mark Flanagan. I attest that I have their permission to enter a conformed signature on their behalf and to file the document.

DATED: June 2, 2017                    _____/s/_____
                                        CLAUDIA A. QUIROZ
                                        Assistant United States Attorney

JOINT STATUS REPORT REGARDING DISCOVERY
CR 16-00461 LHK